UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**NAOMI PATRICE HOUSTON,**

**Plaintiff,**

**v.**

**FROG'S REST., LLC; et al.,**

**Defendants.**

**CIVIL NO. 17-1247 (GAG)**

**OPINION AND ORDER**

Frog's Restaurants, LLC ("Señor Frog"), and Integrand Assurance Co. ("Integrand") (collectively "Defendants") move for summary judgment against Naomi Patrice Houston ("Plaintiff" or "Ms. Houston") alleging that Plaintiff's claim lacks two necessary elements—a negligent act or omission and a causal relation—to prevail under the Commonwealth of Puerto Rico's general tort statute, P.R. LAWS ANN. tit. 31, §§ 5141-42. (Docket No. 43). Plaintiff opposes arguing they do meet the required elements—that Señor Frog's employees failed to clean and maintain the wet floor upon which she slipped and fell. (Docket No. 56). Plaintiff also contests Defendants' statement of facts. (Docket Nos. 44; 50). With leave of Court, Defendants replied and Plaintiff sur-replied. (Docket Nos. 63; 66). For the foregoing reasons, the Court **DENIES** Defendants' motion for summary judgment at Docket No. 43.

I. Relevant Factual Background

Señor Frog owns and maintains a restaurant in Old San Juan for which Integrand issued an insurance policy. (Docket Nos. 44 ¶¶ 1-3; 50 ¶¶ 1-3). On March 2, 2016, Ms. Houston visited Señor Frog's restaurant at around 5:00 p.m., and Shanaesia Trejo ("Ms. Trejo") accompanied her. (Docket Nos. 44 ¶¶ 7, 12; 50 ¶¶ 7, 12). Shortly thereafter, Ms. Houston and Ms. Trejo observed people playing a game where "they were asking who could get a T-shirt from the staff, try to get the

staff to give you their shirt." (Docket Nos. 44 ¶ 14; 44-10 at 4; 50 ¶¶ 12, 14; 50-3 at 4). Subsequently, Ms. Houston voluntarily participated in a scavenger hunt game involving musical chairs whereby the moderator of the game gave the instructions over a microphone. (Docket Nos. 44 ¶¶ 13, 15; 44-9 at 3; 50 ¶¶ 13, 15; 50-4 at 5). Ms. Houston did not know that the floor was wet prior to the incident. (Docket Nos. 44 ¶ 8; 44-8 ¶ 22; 50 ¶ 7). Insofar as the parties generally agree to the above-stated facts, the parties' versions of the remaining facts are drastically different.

Defendants assert that Ms. Trejo witnessed, "while Plaintiff was rushing back to a chair during the game, the other competitor—an unidentified female—pushed Plaintiff from her right-hand side and caused her to fall on the floor." (Docket Nos. 44 ¶¶ 16-19; 44-10 at 6-9).

Ms. Houston contests Defendants' claim that Ms. Trejo was an eyewitness to the incident because Ms. Trejo testified in her deposition that she did not "see that because there was someone [standing] there." (Docket Nos. 50 ¶¶ 11, 16-19; 50-3 at 8). Ms. Houston also refutes Defendants' contention that she fell because someone pushed her with her own deposition testimony. (Docket No. 50 ¶ 19). Specifically, she declared that when she walked towards the stage, she took a right, went between two tables, and "slipped on a wet floor, went airborne, and [she] landed on [her] left side." (Docket Nos. 50 ¶ 19; 50-4 at 6). Ms. Houston claims that she neither saw nor received any warnings regarding the slippery floor. (Docket Nos. 50 ¶ 4; 50-4 at 7). Moreover, Ms. Trejo also stated not seeing any warning signs. (Docket Nos. 50 ¶ 4; 50-3 at 7). Nevertheless, Señor Frog avers that it had policies in place that were designed to prevent accidents. (Docket Nos. 44 ¶¶ 4-5; 44-2; 44-3; 44-4; 44-5).

II.   Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

**Civil No. 17-1247 (GAG)**

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the Court finds that a genuine issue of material fact remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

III.   Legal Analysis and Discussion

Defendants argue that Plaintiff lacks evidence to prove: (1) a negligent act or omission—whether Señor Frog failed to maintain the premises free of dangerous conditions—and (2) a proximate cause—whether Señor Frog's acts or omissions proximately caused Plaintiff's damages. (Docket No. 43).[1]  Plaintiff's theory of liability is that Señor Frog failed to maintain the floor in a safe condition and did not warn Ms. Houston of the dangerous condition on the floor, causing her to slip and fall.  (Docket No. 56).

Article 1802 of the Puerto Rico Civil Code, Puerto Rico's general tort statute, states that a person who "causes damages to another through fault or negligence" shall be liable in damages. P.R. LAWS ANN. tit. 31, § 5141.  On the other hand, Article 1803 applies the principle of respondent superior to Article 1802 claims.  P.R. LAWS ANN. tit. 31, § 5142.  The three essential elements for general tort claims are: (1) evidence of physical or emotional injury, (2) a negligent act or omission (a breach of duty owed), and (3) a sufficient causal nexus between the injury and defendant's act or omission (proximate cause).  Vázquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st

---

[1] In addition, Defendants argue that Plaintiff assumed the risk of participating in a game involving racing to a chair. (Docket No. 43 at 16-18). Defendants further assert that Ms. Houston assumed the risks of an inherently dangerous activity by voluntarily participating in the game of musical chairs. Id.  In support of this argument, Defendants cite Soto Rivera v. Tropigas de P.R., 17 P.R. Offic. Trans. 1035 (P.R. 1986).  In Soto Rivera, the Supreme Court of Puerto Rico stated that the Fireman's Rule "in essence . . . 'bars tort claims by firefighters . . . against persons whose negligence or recklessness causes the fire or other hazard that injures the officer.'"  Id. at 1040; see also In re San Juan Dupont Plaza Hotel Fire Litig., 43 F.3d 1456 (1st Cir. 1994) (unpublished opinion) ("Puerto Rico adheres to an expanded version of the hoary 'Fireman's Rule,' recast in modern times as the 'Professional Rescuer's Rule.'  Under that rule, there is no tort liability when . . . the risk created by the defendants' conduct is one that the plaintiff predictably encounters when he enters private property in the course of carrying out his professional duties as, say, a firefighter or police officer.").  The Supreme Court of Puerto Rico explained that "[i]n our jurisdiction we have adopted [the concept of assumption of risk] in its primary and secondary senses: (1) the primary sense where there is a limited duty of care on defendant's part; and (2) the secondary sense, which is actually a form of comparative negligence."  Blomquist v. Horned Dorset Primavera, Civil No. 13-1835 (MEL), 2015 WL 1894317, at *5 (D.P.R. Apr. 27, 2015); see Soto Rivera, 17 P.R. Offic. Trans. at 1039.  This limited duty of care applies to professionals who face predictable risks in their employment and have alternate means of seeking compensation for injuries that arise while performing their jobs. Blomquist, 2015 WL 1894317, at *5.  Commercial establishments such as restaurants do not have such a limited duty of care to their invitees. Id.; see also Kaden v. Wyndham El Conquistador Resort & Country Club, Civil No. 02-1547 (PG), 2005 WL 1949694, at *7 (D.P.R. Aug. 15, 2005).  Under Puerto Rico's comparative negligence system, the jury could assess whether the dangerous condition cause by Señor Frog's negligence was the proximate cause to the incident or Ms. Houston's own negligence caused her injuries, or both. Id.

Cir. 2007). Said requirements cannot be satisfied unless the plaintiff proves, inter alia, that the injury was reasonably foreseeable (and, thus, could have been avoided had the defendant acted with due care). Situ v. O'Neill, 124 F. Supp. 3d 34, 43 (D.P.R. 2015).

In most negligence cases, a defendant's duty "is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." Situ, 124 F. Supp. 3d at 43 (citing Ortiz v. Levitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407 (P.R. 1973)); see also Márquez v. Casa de España de P.R., 59 F. Supp. 3d 409, 413 (D.P.R. 2014). In this case, which can be characterized as premises liability, Defendants' duty arises by law. See Situ, 124 F. Supp. 3d at 43. The Puerto Rico Supreme Court has concluded that "the owner or operator of a commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons." Cline v. P.R. Ports Auth., 620 F. Supp. 2d 233, 237 (D.P.R. 2008) (citing Sociedad de Gananciales v. González Padín Co., 17 P.R. Offic. Trans. 111 (P.R. 1986)); see also Leonhardt v. Aerostar Airport Holdings LLC, 294 F. Supp. 3d 13, 18 (D.P.R. 2018), Márquez, 59 F. Supp. 3d at 414. Plaintiff bears the burden of proof to establish that the commercial establishment did not exercise due care to assure the safety of the premises. See Situ, 124 F. Supp. 3d at 43.

To prove that a business owner breached that duty, a plaintiff must show that the defendant had actual or constructive knowledge of a hazardous or dangerous condition on his premises that more likely than not caused the damages to the plaintiff. Vázquez–Filippetti, 504 F.3d at 50. As such, "[t]here is no liability for harm resulting from dangerous conditions of which [the business owner] does not know, and which a reasonable inspection would not have discovered, or from conditions from which no unreasonable risk was to be anticipated." Mas v. United States, 784 F.

Supp. 945, 948 (D.P.R. 1992) aff'd, 984 F.2d 527 (1st Cir. 1993).  As to the requirement of actual or constructive knowledge,

> [i]n order to establish liability based upon fault or negligence, the [property owner] must have a reasonable opportunity to observe and to correct, or to warn against, the hazardous condition and he must fail or omit to do so.  It is the failure to correct, in the exercise of due care, a known hazardous condition or one of which the [property owner], in the exercise of due care, should be aware . . . that constitutes fault or negligence.

Mas, 784 F. Supp. at 948.  Notwithstanding its duty of care, a restaurant is not liable for its guests' harm unless the same is reasonably foreseeable.  See Situ, 124 F. Supp. 3d at 43.  A commercial establishment is thus liable for the damages suffered by its clients or guests due to hazardous conditions that were known or should have been known by the owner or operator of the commercial establishment.  See Cline, 620 F. Supp. 2d at 236. (citing Cotto v. C.M. Ins. Co., 16 P.R. Offic. Trans. 786 (P.R. 1985)).

"A person can act negligently (i.e. fail to act reasonably to prevent foreseeable harm) and yet escape liability if his negligent act fortuitously does not cause injury to another." Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir. 1991).  "[I]n a negligence action, foreseeability provides the linchpin both for determining the duty of an actor and for determining his liability for the breach of that duty."  Id. at 972.

It is the plaintiff's burden to furnish proof of causation. See Cortés–Irizarry v. Corporación Insular de Seguros, 111 F.3d 184, 190 (1st Cir. 1997) ("Notwithstanding proof of both duty and breach, a plaintiff also must offer competent evidence of causation . . . .").  "To make out causation under Puerto Rico law, a plaintiff must prove, by a fair preponderance of the evidence, that the negligent act or omission was the factor that most likely caused the harm."  Martinez-Serrano v. Quality Health Servs. Of Puerto Rico, Inc., 568 F.3d 278, 286 (1st Cir. 2009).

> As . . . stated in Marshall v. Perez Arzuaga, 828 F.2d 845 (1st Cir. 1987), proximate cause also is defined in terms of foreseeability . . . A person is liable for injuries that a prudent person reasonably could anticipate . . . . The rule of foreseeability does not require that the precise risk or exact result that occurred should have been foreseen; rather, the essential factor is that a person should have foreseen consequences of the general kind that occurred.

Malave-Felix, 946 F.2d at 971–72 (citations omitted).

For purposes of Article 1802, there is a causal relationship between an omission and an injury when the injury was reasonably foreseeable and could have been avoided had the defendant performed the omitted act. Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc., 951 F. Supp. 1028, 1036 (D.P.R. 1996), aff'd, 124 F.3d 47 (1st Cir. 1997). "The norm of foreseeability is that the risk that must be foreseen must be based on probabilities and not on mere possibilities." Id. (quotations omitted).

> The law is clear. Before liability may be imposed, even upon one of the few institutions that owe a duty of protection to their clients, the plaintiff must show that his or her injury was reasonably foreseeable, and the main way to demonstrate foreseeability is to point to similar incidents in the past that the defendant knew or should have known about.

Woods-Leber, 951 F. Supp. at 1038.

Here, the record evidence consists mostly of deposition testimony. Defendants assert that Ms. Trejo noted in her deposition that an unidentified female pushed Ms. Houston from her right-hand side causing her to fall on the floor. (Docket Nos. 44 ¶ 17; 44-10 at 6-9; 50-3 at 8). However, Plaintiff points out that Ms. Trejo did not have a clear view of the accident. (Docket No. 50-3 at 8). Moreover, according to Ms. Houston's answer to the first set of interrogatories and deposition, she claims that the wet floor caused her to slip and fall. (Docket Nos. 44-8 ¶ 22; 50-4 at 6).

Having examined Plaintiff's evidence, in the light most favorable to her as the nonmoving party, the Court finds that a reasonable jury could, upon weighing the evidence and making credibility determinations, decide in favor of either party whether Defendants breached their duty

7

of care. Thus, genuine material factual disputes exist as to the breach of duty element of the present tort claim, the resolution of which must be left to the trier of fact. It is for the jury, not the Court, to find which of the disputed facts occurred and thus determine whether Defendants exercised reasonable care in operating the restaurant. See Marshall, 828 F.2d at 849 (noting questions of fact involving tort elements are properly jury questions).

Once a plaintiff has demonstrated that the defendant was negligent (breached the duty of care), he or she must then demonstrate that the defendant's negligence actually caused her injuries and the defendant could have reasonably foreseen that the injuries would result from his acts or omissions. See Vázquez–Filippetti, 504 F.3d at 49, n. 6; Marshall, 828 F.2d at 847 (citing Jimenez v. Pelegrina, 12 P.R. Offic. Trans. 881 (P.R. 1982)). "As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause." Vázquez–Filippetti, 504 F.3d at 49. "Key in any negligence action is the element of foreseeability, necessary to establish causation. Thus, a defendant, even though negligent, will be relieved of liability whenever an intervening cause produces an unforeseeable result." Chapman v. E.S.J. Towers, Inc., 803 F. Supp. 571, 574 (D.P.R. 1992); see also Barreiro v. Universal Ins. Co., 98 F. Supp. 3d 349, 356 (D.P.R. 2015). Namely, liability will only arise under a failure to act if the damages complained of were reasonably foreseeable to the defendant; in other words, if the damages could have been avoided had the defendant acted with due care. P.R. LAWS ANN. tit. 31, § 3022; see Situ, 124 F. Supp. 3d at 47.

"In negligence cases, determinations of foreseeability and of whether a defendant acted reasonably fall within the province of the jury. Hence, a court should be cautious in using the summary judgment device to dispose of such cases." Situ, 124 F. Supp. 3d at 47 (citing TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 450, n. 12 (1976)). Assuming, arguendo, that

**Civil No. 17-1247 (GAG)**

Defendants breached their duty of care, a reasonable jury could find Ms. Houston's slip and fall as well as her injuries as a consequence thereof to be reasonably foreseeable to Defendants.

Upon considering the respective statements of facts, in the light most favorable to the nonmoving party—Plaintiff—there are material issues of fact that preclude summary judgment. A reasonable jury may or may not find that the slip and fall was a foreseeable consequence of Defendants' failure to have the property duly inspected to ensure its premises are free of dangerous conditions. Furthermore, the parties dispute the element of foreseeability. Thus, a determination of whether it was reasonably foreseeable for Defendants that, at the time and place in question, a patron would slip due to the wet floor, under the circumstances described above, remains a material question of fact. Because foreseeability is a central issue in premises liability claims, as it is an element of both breach of duty and proximate cause, Vázquez–Filippetti, 504 F.3d at 49; Situ, 124 F. Supp. 3d at 48, and material issues of fact exist as to said element, the resolution of which possesses the capacity to sway the outcome of this case, the determination of foreseeability in this case is a question for the jury and not the Court on summary judgment. Marshall, 828 F.2d at 849 ("Not only ordinary fact questions, but also evaluative applications of legal standards (such as the concept of legal foreseeability) to the facts are properly jury questions. In any case where there might be reasonable difference of opinion as to evaluative determinations . . . the question is one for the jury.").

IV. Conclusion

In light of the foregoing, the Court concludes that genuine issues of material fact remain and the resolution of such issues could affect the outcome of the case. Accordingly, the Court **DENIES** Defendants' motion for summary judgment at Docket No. 43.

**SO ORDERED.**

**Civil No. 17-1247 (GAG)**

In San Juan, Puerto Rico this 13th day of January, 2021.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge